Thomas Pavlik, Cleveland, Ohio, for interested creditor.

**In re RADFORD ENTERPRISES, INC., dba Audio Warehouse Company & Creative Marketing, Debtor.**

**Bankruptcy No. 582–2082.**

United States Bankruptcy Court, N.D. Ohio.

May 25, 1983.

## FINDING AND ORDER AS TO PROXIES

H.F. WHITE, Bankruptcy Judge.

This action came before the Court on the filing of an objection to the application of Creditors' Committee to vote multiple claims filed by the Interim Trustee, Marc P. Gertz, on May 6, 1983. An affidavit in response to said objection was filed by the attorney for the official unsecured Creditors' Committee on May 13, 1983. The objection came on for hearing on May 16, 1983.

This bankruptcy case was commenced on December 14, 1982 as an involuntary Chapter 7 creditors' petition. On January 3, 1983, debtor, Radford Enterprises, Inc., requested that the matter be converted from an involuntary petition under Chapter 7 to a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. A Creditors' Committee consisting of the ten largest unsecured creditors was appointed by this Court on January 7, 1983. On January 25, 1983 the law firm of Otterbourg, Steindler, Houston & Rosen and Ka-

thryn A. Belfance were appointed as co-counsel for the official unsecured Creditors' Committee by Order of this Court.

On February 7, 1983 the Creditors' Committee moved this Court to convert this bankruptcy case to a Chapter 7 proceeding. Said motion was granted on March 22, 1983 and Marc P. Gertz was appointed Interim Trustee of the within estate. A meeting of creditors was scheduled to be held on April 26, 1983 pursuant to 11 U.S.C. Section 341.

On April 26, 1983 the said meeting of creditors was adjourned for a week due to the fact that Kathryn A. Belfance was at that time involved in a hearing on another matter before this Court.

On April 26, 1983, Mrs. Belfance, as attorney for the official unsecured Creditors' Committee, filed with this Court an affidavit pursuant to Rule 208 of the Rules of Bankruptcy Procedure in order that Mrs. Belfance would be permitted to vote at the first meeting of creditors the proxies which had been solicited by the secretary of the Creditors' Committee of Radford Enterprises, Inc. for the election of a trustee pursuant to 11 U.S.C. Section 702. Mrs. Belfance was not permitted to vote said proxies at the meeting. Instead, the meeting was once again adjourned and the interim trustee filed his objection on May 6, 1983 to the application of the Creditors' Committee to vote multiple proxy claims for the election of a trustee.

On May 3, 1983, Kathryn A. Belfance filed a supplemental affidavit pursuant to Rule 208 with Exhibit A attached thereto listing the various claims which she had been authorized to vote. Thereafter, on May 13, 1983, Steven Soll, co-counsel with Mrs. Belfance for the Creditors' Committee, filed an affidavit pursuant to Rule 208 of the Rules of Bankruptcy Procedure and affidavit in response to objection to application of Creditors' Committee to vote multiple claims.

The interim trustee's objection to Mrs. Belfance voting the multiple proxy claims is based on his argument that Mrs. Belfance failed to comply with Rule 208 of the Bankruptcy Rules of Procedure dealing with the solicitation and voting of proxies. In addition, the trustee contends that the official unsecured Creditors' Committee failed to obtain the court order required by Rule 4(d) of the local Bankruptcy Rules of the Northern District of Ohio for multiple proxy voting.

■ Initially, the Court finds that Local Rule 4(d) upon which the interim trustee bases his argument is no longer in effect in the Northern District of Ohio. Said Rule was adopted by the District Court for the Northern District of Ohio in September 1973. Thereafter, the Bankruptcy Rules of Procedure were adopted by the United States Supreme Court which covered the procedure to be followed in the case of solicitation and voting of proxies. The procedure regarding the solicitation and voting of proxies is covered by Rule 208 of those rules. As can be seen from the Advisory Committee's note to said rule, Rule of Bankruptcy Procedure 208 was drawn, in part, from Local Bankruptcy Rule 4 for the Northern District of Ohio. Following the adoption of the Rules of Bankruptcy Procedure by the United States Supreme Court, the District Court for this district did not readopt Rule 4 when it revised and amended its local rules effective April 1, 1977. It was believed that Rule 208 adequately addressed the situation. As Local Rule 4 is no longer in effect, any reliance upon the requirements of that Rule is not well-founded.

The Interim Trustee also relies upon Kathryn A. Belfance's failure to comply with the requirements of Bankruptcy Rule of Procedure 208 to bar her from voting her multiple claim proxies. That Rule requires the proxy holder to submit a verified list of the proxies and a verified statement outlining the facts and circumstances surrounding the execution and delivery of the proxies. As to each proxy, there is to be included along with the list and statement: 1) a copy of the solicitation, 2) identification of the solicitor, and if it is a creditors' committee, a description of its organization, along with a description of the claims held by the members of the committee, 3) a statement

that no consideration has been paid for the proxy by the proxy holder, 4) a statement as to whether there is any agreement between the proxy holder and any other person for payment in connection with voting the proxy, 5) the same statement as in (4) from the proxy solicitor if different from the proxy holder, 6) the same statement as in (4) from the forwarder if different from the proxy holder or solicitor and 7) where the proxy holder or solicitor is a committee, a verified statement, signed by each committee member, detailing any compensation received through the bankruptcy case other than as a dividend on a claim.

Kathryn A. Belfance (hereinafter "the proxy holder") has failed to comply with this Rule in all respects. Notwithstanding the failure to strictly comply with the Rule, the Court has before it, in one form or another, all requirements of the Rule other than the statement as to compensation received by the Creditors' Committee through the case. In this regard, the affidavit of Steven Soll, co-counsel for the Unsecured Creditors' Committee, requests that this Court "address the reality of the issue", that is, "that these are simply creditors who are not getting compensation but are filing claims for extension of credit".

11 U.S.C. Section 702 allows the creditors of a debtor in bankruptcy to vote for a trustee at the 341 meeting where an election is requested by the creditors. Such an election allows the creditors, the group most adversely affected by the filing of a bankruptcy petition, to decide who will perform the liquidation. Such an election may serve to bolster the creditors' trust and confidence that the estate is being liquidated in the most efficient and beneficial manner possible.

The Advisory Committee Notes for Rule 208 provides that the purpose behind the enactment of this Rule was to ensure that creditor control and participation in the administration of a debtor's estate is not lost through the solicitation and granting of proxies. The Rule further serves to ensure that creditors do not lose control over the administration of the estate to proxy holders with interests that vary from those held by the creditors. This purpose is not frustrated in the instant case through the proxy holder's failure to comply entirely with the technical aspects of Rule 208. The proxies were solicited by the Secretary of the Creditors' Committee appointed by this Court. The proxy holder is herself one of the counsel appointed by this court to represent the Creditors' Committee.

The supplemental affidavit submitted by Mrs. Belfance on May 3, 1983 indicated that she did desire to vote 12 claims totaling $545,058.17. Of these claims, four of them, totaling $351,264.32, are held by members of the Creditors' Committee appointed by this Court on January 7, 1983 pursuant to 11 U.S.C. Section 1102(a)(1) and (b)(1) who were selected from the list of the ten largest creditors filed by the debtor pursuant to Bankruptcy Rule 1007(a)(1). It further appears that Clarion Corporation is one of the four largest unsecured creditors in the amount of $124,799.94.

Allowing the proxy holder to vote her proxies serves to maximize creditor control over this case as the proxy holder will use her proxies for the purposes of electing a Trustee whom the creditors desire to administer the estate for their benefit. To do otherwise would deny them the exercise of their right to vote for the election of a Trustee which is provided for under 11 U.S.C. Section 702.

This Court is not faced with two competing groups of creditors herein, each attempting to elect its own Trustee. Instead, the objection has been raised solely by the Interim Trustee. Accordingly, the Court finds that substantial compliance with Bankruptcy Rule 208 was effected by the proxy holder and as such the Interim Trustee's objection should be denied. To do otherwise would deny to creditors control of the administration of the estate which is for their benefit.

THEREFORE IT IS ORDERED that the objection of the Interim Trustee to the voting by Kathryn A. Belfance of her multiple claim proxies is denied and the election of a

Trustee in this case is to go forward as presently scheduled on May 31, 1983.